IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JA'MARIO JAMES,[1]

                   Petitioner,

    vs.

SCOTT FRAKES,

                   Respondent.

**8:22CV19**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Ja'Mario James' Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254 and filed in this court on January 14, 2022.[2] Petitioner set forth in his habeas corpus petition that he pleaded guilty and was sentenced to 8 to 20 years' imprisonment for robbery on October 14, 2008. (Filing 1 at CM/ECF p. 1.) Petitioner did not appeal from the judgment of conviction. (*Id.* at CM/ECF p. 2; *see*

---

[1] Petitioner identifies himself as both "Ja'Mario James" and "Jamerio James" in the petition, and it appears he was convicted under the name "Jamerio James." (Filing 1 at CM/ECF p. 1.) The court will refer to Petitioner as "Ja'Mario James" and will direct the clerk's office to update the caption to that spelling, as it appears to be Petitioner's preferred spelling and is consistent with the caption in Petitioner's other pending habeas case, 8:21CV346.

[2] Petitioner originally filed a habeas petition in Case No. 8:21CV346 pursuant to 28 U.S.C. § 2254 on September 3, 2021. (Filing 1, Case No. 8:21CV346.) On December 16, 2021, the court conducted a preliminary review of the petition and concluded it was improper because it sought to challenge the judgments of two different state courts—the judgment of the District Court of Douglas County, Nebraska in Case No. CR16-933 and the judgment of the District Court of Lancaster County, Nebraska in Case No. CR08-470. (Filing 6, Case No. 8:21CV346.) The court gave Petitioner leave to file an amended petition for writ of habeas corpus challenging just one judgment in Case No. 8:21CV346 and a new habeas petition challenging the other judgment. On January 14, 2022, Petitioner filed an amended petition (filing 7, Case No. 8:21CV346) challenging the Douglas County District Court case and the present petition (filing 1) challenging the Lancaster County District Court case.

*also id*. at CM/ECF p. 31.) Petitioner alleges he filed various motions and petitions regarding his conviction and sentence beginning in March 2019. (*Id*. at CM/ECF pp. 3–4, 8.)

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner argues, however, that no statute of limitation applies to "[a] structural error [which ] can be attacked at any time as it is a [sic] attack on the jurisdiction." (Filing 1 at CM/ECF p. 11.) Thus, in order to ensure a just and fair resolution of this matter, the court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1.      By **April 4, 2022**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 4, 2022**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

        A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

        B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **April 4, 2022**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the

4

court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.      No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.      The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 4, 2022**: check for Respondent's answer and separate brief.

4.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5.      The clerk of the court is directed to update the spelling of Petitioner's name in the case caption to "Ja'Mario James."

Dated this 17th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5